UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCO CORRADO, | ) | Criminal No.  08-CR-2018-L-1 |
| Petitioner, | )<br>)<br>) | **ORDER DENYING MOTION FOR** |
| v. | )<br>) | **MODIFICATION OF TERM OF**<br>**IMPRISONMENT PURSUANT TO** |
| UNITED STATES OF AMERICA, | )<br>) | **18  U.S.C. § 3582(C)(2)** |
| Respondent. | )<br>)<br>) | [Doc. No. 106] |

On August 8, 2011, Petitioner, proceeding *pro se*, filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon amendments to the Federal Sentencing Guidelines pertaining to the use of recency as a factor in the calculation of the criminal history score which became effective November 1, 2010. For the reasons set forth below, the Court **DENIES** Petitioner's motion.

**BACKGROUND**

On April 3, 2009, Petitioner pled guilty to one count of Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Applying the advisory Guidelines in effect at the time of Petitioner's sentencing, the Court determined the advisory range was 121-151 months based on an offense level of 29 and a criminal history category of IV. After considering the factors in 18 U.S.C. § 3553(a), the Court sentenced Petitioner to 135 months of imprisonment.

**DISCUSSION**

Petitioner now moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 742[1] to the Sentencing Guidelines. Amendment 742 eliminated the "recency" points assessed by U.S.S.G. § 4A1.1(e).

Petitioner is ineligible for a sentencing reduction under § 3582(c)(2) because the Sentencing Commission has not given Amendment 742 retroactive effect. A court may reduce a defendant's sentence under § 3582(c)(2) if the sentence was based on a sentencing range that has been subsequently amended by the Sentencing Commission. In determining whether a sentence should be modified under § 3582(c)(2), the court must follow a two-step approach. *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). First, the court must determine that a reduction is consistent with the policy statements issued by the Sentencing Commission in U.S.S.G. § 1B1.10. *Id.* Second, the court must consider whether the authorized reduction is warranted according to the factors set forth in 18 U.S.C. § 3553(a). *Id.*

Section 1B1.10 of the Federal Sentencing Guidelines states "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if: (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). Amendment 742 is not listed under subsection (c). *See* U.S.S.G. §1B1.10(c). Therefore, this amendment cannot be applied retroactively. Accordingly, the Court does not have the authority to modify Petitioner's sentence.

**CONCLUSION**

For the reasons discussed above, Petitioner's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED.**

**IT IS SO ORDERED.**

DATED: August 12, 2011

M. James Lorenz
United States District Court Judge

---

[1] Petitioner incorrectly refers to the "recency" amendment as Amendment 472. However, the amendment to U.S.S.G. § 4A1.1(e) that was effective on November 1, 2010 was Amendment 742.

COPIES TO:

PETITIONER
U.S. ATTORNEY'S OFFICE